1
2
3
4
5
6
7
8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HUNG NGUYEN,                        No. CIV S-09-0399-CMK-P

12           Petitioner,

13       vs.                            <u>ORDER</u>

14   M.C. KRAMER,

15           Respondent.

16   _____/

17           Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's amended

19   petition for a writ of habeas corpus (Doc. 5).

20           Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

21   dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

22   exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the

23   instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, habeas

24   relief is not available because the petition is untimely.  Federal habeas corpus petitions must be

25   filed within one year from the later of: (1) the date the state court judgment became final; (2) the

26   date on which an impediment to filing created by state action is removed; (3) the date on which a

constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date
on which the factual predicate of the claim could have been discovered through the exercise of
due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run
when the state court judgment becomes final by the conclusion of direct review or expiration of
the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Upon review of the instant petition, it is obvious that it is untimely. Here,
petitioner does not allege any impediment to filing created by state action, a newly-recognized
constitutional right, or delayed discovery of his claims. Therefore, the statute of limitations
began to run when the judgment became final.[1] Petitioner attaches to the petition an abstract of
judgment from the Sacramento County Superior Court indicating that petitioner was sentenced
on February 3, 2005. He admits that he did not file any direct appeals in the Court of Appeal or
California Supreme Court. Thus, absent statutory tolling, the one-year limitations period expired
in 2006.

Petitioner is not entitled to any statutory tolling for the time post-convictions
actions were pending in state court. Petitioner states that he filed such actions in "all three state
courts" and attaches various orders to his petition. Specifically, he attaches two orders from the
Sacramento County Superior Court addressing separate habeas petitions, both of which were
filed sometime in 2007 as revealed by the case numbers assigned to the matters. If petitioner was
properly proceeding in each higher state court, any petitions filed in the Court of Appeal and
Supreme Court were necessarily filed after the Superior Court actions. Because all of
petitioner's post-convictions actions were filed sometime in 2007 – which is after the one-year

---

[1]     In a motion for a stay-and-abeyance order filed concurrently with his petition
(Doc. 2), petitioner suggests that the case should be stayed while he exhausts claims based on
Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).
Because these cases were both decided before petitioner's conviction became final, they cannot
serve as the basis of a later date for commencement of the limitations period. In any event, as
indicated by the amended petition which raises these claims, it appears that they have now been
exhausted. Therefore, the motion is moot.

limitations period expired in 2006 – he is not entitled to any tolling and the instant federal petition is untimely.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his amended petition for a writ of habeas corpus should not be summarily dismissed as untimely and all pending motions should not be denied as moot. Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 11-110.

IT IS SO ORDERED.


DATED: March 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE