IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG NGUYEN, | No. CIV S-09-0399-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| M.C. KRAMER, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's amended petition for a writ of habeas corpus (Doc. 5) and response to the court's March 6, 2009, order to show cause (Doc. 9).

In the order to show cause, the court stated:

> Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, habeas relief is not available because the petition is untimely. Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual

predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Upon review of the instant petition, it is obvious that it is untimely. Here, petitioner does not allege any impediment to filing created by state action, a newly-recognized constitutional right, or delayed discovery of his claims. Therefore, the statute of limitations began to run when the judgment became final. (footnote omitted). Petitioner attaches to the petition an abstract of judgment from the Sacramento County Superior Court indicating that petitioner was sentenced on February 3, 2005. He admits that he did not file any direct appeals in the Court of Appeal or California Supreme Court. Thus, absent statutory tolling, the one-year limitations period expired in 2006.

Petitioner is not entitled to any statutory tolling for the time post-convictions actions were pending in state court. Petitioner states that he filed such actions in "all three state courts" and attaches various orders to his petition. Specifically, he attaches two orders from the Sacramento County Superior Court addressing separate habeas petitions, both of which were filed sometime in 2007 as revealed by the case numbers assigned to the matters. If petitioner was properly proceeding in each higher state court, any petitions filed in the Court of Appeal and Supreme Court were necessarily filed after the Superior Court actions. Because all of petitioner's post-convictions actions were filed sometime in 2007 – which is after the one-year limitations period expired in 2006 – he is not entitled to any tolling and the instant federal petition is untimely.

The court directed petitioner to show cause why the petition should not be dismissed as untimely. In his response, petitioner argues the merits of his underlying claims and does not address the issues outlined above. The court, therefore, finds that this case is appropriate for summary dismissal because the petition is untimely. All pending motions/requests (Docs. 2 and 10) are denied as moot. The Clerk of the Court is directed to enter judgment of dismissal and close this file.

IT IS SO ORDERED.

DATED: April 1, 2009

　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　CRAIG M. KELLISON
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE